# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | Case No. 11-40044-09-JAR |
| v. ) | Case No. 13-4139-JAR |
| ) | |
| ALBERTO VERASA-BARRON, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Alberto Verasa-Barron's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 738). In his motion, Petitioner seeks relief on grounds that he was denied effective assistance of counsel. The Government has responded (Doc. 750). After a careful review of the record and the arguments presented, the Court denies Petitioner's motion without further evidentiary hearing.

## I. Factual and Procedural Background

On October 29, 2012, Petitioner entered a guilty plea to Count 1 of a Superseding Information charging him with violating 21 U.S.C. § 841(a)(1), conspiracy to distribute methamphetamine.[1] On January 28, 2013, this Court sentenced Petitioner to 87 months'

---
[1] Doc. 461.

imprisonment.² Petitioner filed a Notice of Appeal on January 31, 2013.³ The Tenth Circuit Court of Appeals dismissed his appeal on May 30, 2013, after granting the Government's motion to enforce the appellate waiver in the plea agreement.⁴

Petitioner filed this timely § 2255 Motion on June 3, 2013.⁵

## II.     Legal Standards

### A.     General § 2255 Standards

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records

---

²Doc. 528.

³Doc. 530.

⁴*United States v. Verasa-Barron*, 515 F. App'x 773 (10th Cir. 2013).

⁵*See* 28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from . . . the date on which the judgment of conviction becomes final.").
2

of the case conclusively show that the prisoner is entitled to no relief."[6] Petitioner must allege facts which, if proven, would warrant relief from his conviction or sentence.[7] An evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[8]

A district court may grant relief under § 2255 if it determines "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[9] "Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not."[10] A movant may overcome this procedural bar by showing either of "two well recognized exceptions."[11] First, the movant must show good cause for not raising the issue earlier and actual prejudice to the movant's defense if the issue is not considered.[12] Cause may "be established by showing that counsel rendered constitutionally ineffective assistance."[13] Second, the "failure to consider the federal claims will result in a

---

[6] 28 U.S.C. § 2255(b).

[7] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996).

[8] *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Hatch*, 58 F.3d at 1471 ("the allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments).

[9] 28 U.S.C. § 2255.

[10] *United States v. Magleby,* 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied,* 547 U.S. 1097 (2006).

[11] *United States v. Cervini,* 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied,* 544 U.S. 904 (2005).

[12] *Id*.

[13] *United States v. Wiseman,* 297 F.3d 975, 979 (10th Cir. 2002) (citations omitted).

fundamental miscarriage of justice."[14]

### B. Ineffective Assistance of Counsel

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."[15] A successful claim of ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v. Washington*.[16] First, a defendant must show that his counsel's performance was deficient in that it "fell below an objective standard of reasonableness."[17] To meet this first prong, a defendant must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[18] This standard is "highly demanding."[19] Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[20] In all events, judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[21] Moreover, the reasonableness of the challenged conduct

---

[14]*Cervini,* 379 F.3d at 990 (quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)); *see Bousley v. United States,* 523 U.S. 614, 621–22 (1998) (holding that a showing of actual innocence meets the fundamental miscarriage of justice prong).

[15]U.S. Const. amend. VI; *Kansas v. Ventris*, 556 U.S. 586 (2009).

[16]466 U.S. 668 (1984).

[17]*Id*. at 688.

[18]*Id*. at 690.

[19]*Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[20]*Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted).

[21]*Strickland*, 466 U.S. at 689.

must be evaluated from counsel's perspective at the time of the alleged error; "every effort should be made to 'eliminate the distorting effects of hindsight.'"[22]

Second, a defendant must also show that his counsel's deficient performance actually prejudiced his defense.[23] To prevail on this prong, a defendant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."[24] A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome."[25] This, in turn, requires the court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[26] When ineffective assistance of counsel is alleged to have occurred at the plea stage, the defendant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process."[27] In other words, the defendant must show a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.[28]

A defendant must demonstrate both *Strickland* prongs to establish a claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[29] "The performance

---

[22]*Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

[23]*Strickland*, 466 U.S. at 687.

[24]*Id*. at 694.

[25]*Id*.

[26]*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[27]*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[28]*Id*.

[29]*Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'"[30]

### III. Discussion

Petitioner requests relief under § 2255 on four grounds of ineffective assistance of counsel: 1) counsel ineffectively failed to advise him of the constitutional rights he was giving up by entering a plea; 2) counsel ineffectively failed to object to an "unsupported allegation in the presentence worksheet in determining aggravated fe[lon]y"; 3) counsel ineffectively failed to assure that an adequate factual basis existed for his guilty plea and ineffectively "failed to argue that at his removal proceedings, Petitioner was not advised of his right to appeal or right to counsel in Spanish"; and 4) counsel ineffectively failed to file a timely notice of appeal. The Court considers each claim in turn.

#### A. Constitutional Rights

Petitioner claims that counsel failed to advise him of his *Boykin* rights, which resulted in an unknowing and involuntary guilty plea in violation of his Fifth Amendment rights.[31] Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant."[32]

---

[30]*Id*. (quoting *Strickland*, 466 U.S. at 697); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

[31]*Boykin v. Alabama*, 395 U.S. 238, 244 (1969).

[32]*United States v. Vonn*, 535 U.S. 55, 62 (2002).

6

The Court has thoroughly reviewed the plea proceedings in this matter, and finds that the record conclusively rebuts Petitioner's claim that his counsel inadequately advised him of the rights he was giving up by entering a guilty plea, or that his plea was otherwise unknowing, unintelligent, or involuntary as a result of any inadequate advice. At the time of the plea, Petitioner was 40 years old, represented by experienced counsel, and provided with the services of a Spanish interpreter.[33] In his Petition to Enter Plea of Guilty, Petitioner averred that he had discussed with his attorney every part of his Petition, including advisements that he had the right to plead not guilty; that by pleading guilty he was waiving his right to a trial; that the U.S. Constitution guaranteed him a speedy trial with the assistance of a lawyer, where he could cross-examine witnesses against him and compel the attendance of his own witnesses, and that he would not be compelled to incriminate himself at any such trial; that the offense to which he was pleading guilty carried a minimum term of five years' imprisonment and a maximum term of forty years; that he could be subject to fines if he pleaded guilty; that he could be deported from the United States upon being convicted; that his attorney explained how the Sentencing Guidelines applied in his case; and that he offered his plea freely and voluntarily.[34] Moreover, Petitioner specifically averred that he had "read, understood, and discussed with my attorney each and every part of this Petition to Plead Guilty. . . ."[35]

In addition, review of the transcript of Petitioner's change-of-plea hearing shows that this Court conducted an adequate Rule 11 colloquy with him before accepting his plea. Specifically

---

[33] Docs. 460, 461.

[34] *See* Doc. 461 at 1-5, ¶¶ 7, 8, 10, 11, 14, 16, 23, 25.

[35] *Id.* ¶ 25.

the Court advised Petitioner of all of the rights he was giving up by entering a plea and the penal consequences of doing so, in a manner that is consistent with the rights described in his Plea Petition.[36] In sum, there is little question that Petitioner fully understood the ramifications of his guilty plea and that his plea was freely, voluntarily, and knowingly made as required by *Boykin*.

Accordingly, because the record conclusively shows that both counsel and the Court advised him of his rights, Petitioner fails to show that his counsel performed deficiently, as required under *Strickland's* first prong. And, he necessarily fails to show that any such deficient performance prejudiced him under *Strickland's* second prong. This claim is denied.

### B. Aggravated Felony

Ground two of Petitioner's motion states:

> The probation officer recommended a[n] offense level based on an alleged conviction for aggravated felony conviction. The probation officer did not identify which he relied upon. Nor did the probation officer identify the statute of conviction or provide any documents supporting either conviction. In relying on the probation officer's bare assertions to increase Petitioner[']s sentence, the district court erred. Because aggravated felony statutes include conduct that does not qualify as a crime of aggravated felony, the district court's error affected Petitioner's su[b]stantial rights and should be corrected.[37]

Even liberally construed, this claim fails because Petitioner has not articulated specific and particularized factual allegations which, if proven, would entitle him to relief.[38] As the

---

[36]Doc. 636, Plea Tr. at 14-24.

[37]Doc. 738 at 5.

[38]*See United States v. Weeks*, 653 F.3d 1188, 1200 (10th Cir. 2011) (considering whether defendant "has articulated facts which, if proven, would entitle him to relief" for purposes of determining whether district court erred in denying his § 2255 petition); *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995), *overruled in part on*

Government points out, Petitioner does not support this claim by pointing to any facts of record or legal bases alleging that he received ineffective assistance of counsel. Petitioner does not identify any alleged error on the part of counsel, but instead assigns error to this Court. Nor does Petitioner explain with any degree of definiteness or particularity how this Court erred, beyond the vague reference to some unspecified "aggravated felony conviction" and unspecified "aggravated felony statutes," which he claims were inapplicable to this case. Because Petitioner fails to meet his burden to allege facts that would entitle him to relief, his claim for ineffective assistance of counsel necessarily fails. Ground two is denied.

### C. Factual Basis for Plea/Removal Proceedings

Petitioner makes two unrelated claims under Ground Three—that his counsel ineffectively failed to assure that a factual basis existed for his plea, and that he was not advised of his right to appeal or counsel in his "removal proceedings." Neither claim has merit.

Petitioner's first claim is rebutted by both the Plea Agreement and the transcript of the change-of-plea hearing. The Plea Agreement sets out a detailed factual basis for Petitioner's guilty plea in paragraph two, which consists of five pages of facts establishing each element of Count 1.[39] At the change-of-plea hearing, the prosecutor summarized this factual basis in open court and Petitioner agreed that the Government had the evidence to prove its allegations.[40] The Court agrees with the Government that in light of this record evidence, Petitioner fails to

---

*other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (en banc) ("[T]he petitioner bears the burden of alleging facts which, if proved, would entitle him to relief. Moreover, his allegations must be specific and particularized; conclusory allegations will not suffice to warrant a hearing.") (internal alterations, quotation marks, and citations omitted).

[39] Doc. 461 ¶ 2.

[40] Doc. 636 at 24-26.

9

establish any factual basis for his claim, and thus fails to establish either prong under *Strickland*.

Second, Petitioner's claim relating to his removal proceeding does not present a basis for relief in this § 2255 proceeding. Petitioner refers to "irregularities in the underlying deportation order on which his charge of illegal reentry was predicated." The underlying criminal case in these proceedings, however, involves drug trafficking charges.[41] Accordingly, issues surrounding Petitioner's "removal proceedings" are matters outside the scope of and irrelevant to these habeas proceedings. Accordingly, Petitioner fails to state a cognizable claim of ineffective assistance of counsel in this case, and this claim is denied.

### D. Notice of Appeal

Finally, Petitioner claims that counsel ineffectively failed to file a timely notice of appeal. This claim is also defeated by the record. The Court imposed sentence on January 28, 2013, and entered Judgment on January 30, 2013.[42] Petitioner's counsel filed a Notice of Appeal on January 31, 2013.[43] Thus, counsel did in fact file a timely Notice of Appeal, which must be filed within fourteen days of the court entering judgment.[44] Because Petitioner's claim lacks any basis in fact, he fails to show either *Strickland* prong, and this claim is dismissed.

### IV. Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A

---

[41]Docs. 2, 459.

[42]Doc. 528.

[43]Doc. 530.

[44]Fed. R. App. P. 4(b)(1)(A)(I); 10th Cir. R. 4(b)(1)(A)(I).

certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[45] A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[46] A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[47] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[48] For the reasons detailed in this Memorandum and Order, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Alberto Verasa-Barron's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 738) is **denied** without a hearing; Petitioner is also denied a COA.

**IT IS SO ORDERED.**

Dated: April 1, 2014

                                                 S/ Julie A. Robinson

                                                 JULIE A. ROBINSON

---

[45] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[46] *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[47] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[48] *Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

UNITED STATES DISTRICT JUDGE